UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDY SUGAR,<br><br>                  *Plaintiff*,<br><br>v.<br><br>GREENBURGH ELEVEN UNION FREE SCHOOL DISTRICT and ELTON THOMPSON, in his Individual Capacity,<br><br>                  *Defendants*. | Case No. 7:18-cv-00067-VB<br><br><br><br>**DECLARATION OF RICHARD L. STEER IN SUPPORT** OF DEFENDANTS' MOTION TO **DISMISS THE COMPLAINT** |

**RICHARD L. STEER**, under penalties of perjury, hereby declares pursuant to 28 U.S.C. § 1746:

1. I am a Partner at the law firm of Tarter Krinsky & Drogin LLP, attorneys for Defendant Greenburgh Eleven Union Free School District and Elton Thompson ("Defendants"), in this Action, and a member of the bar of this Court.

2. I submit this Declaration in support of Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint in this Action in its entirety, with prejudice.

3. Annexed hereto as Exhibit "A" is a true copy of the Complaint in this Action.

4. There has been no prior motion or application for the relief requested herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 5, 2018.

                                                                  /s/ Richard L. Steer
                                                                    Richard L. Steer

# Exhibit A

Russell G. Wheeler (RW8995)
Charny & Wheeler
9 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDY SUGAR,<br><br>                              Plaintiff,<br>  v.<br><br>GREENBURGH ELEVEN UNION FREE SCHOOL DISTRICT and  ELTON THOMPSON, in his Individual Capacity,<br><br>                              Defendants. | COMPLAINT<br><br>Index No. |

Plaintiff Judy Sugar, by and through her counsel Charny & Wheeler, brings this Complaint and in support thereof states as follows.

### NATURE OF THE ACTION

1.      This is an action for damages for violations of the First Amendment to the Constitution of the United States, through 42 U.S.C. §1983 "Section 1983").

### JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 1343 and 1367(a).

### VENUE

3.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in the District.

1

## PARTIES

4. Plaintiff Judy Sugar, was previously employed as a teacher at Mary McLeod Bethune Junior and Senior High School, Greenburgh Eleven Union Free School District.

5. Defendant Greenburgh Eleven Union Free School District (herein Defendant School District) is and all times relevant herein was a public school district formed and existing pursuant to the laws of the State of New York, located in Dobbs Ferry, Westchester County, New York.

6. Defendant Elton Thompson (herein Defendant Thompson) is and all times relevant herein was the Principal of Mary McLeod Bethune Junior and Senior High School, Greenburgh Eleven Union Free School District.

## FACTUAL ALLEGATIONS

7. Prior to May 2015, Plaintiff had spoken to the Defendant School District and Defendant Thompson about the potential danger posed by a student ("Student X") and the need for intervention to address her concerns about her safety, the safety of other students, and the educational and social needs of Student X, but her concerns were ignored.

8. On or about May 14, 2015, "Student X" accosted and touched Plaintiff in a manner that she perceived to be a violation of the New York State Penal Code and the Code of Prohibited Student Conduct promulgated by maintained in effect by Defendant District.

9. The Code of Prohibited Student Conduct, in relevant part, prohibits using "gestures that are obscene, profane, lewd, vulgar or abusive." In addition, students "shall not engage in any conduct that endangers the safety, morals, health or welfare of others" including, "indecent exposure, that is, exposure to sight of the private parts of the body in a lewd or indecent manner."

10. Student X violated these provisions of the Code when he approached Plaintiff from behind while she was bent over a microscope, with his genitals exposed, and touched her leg and buttocks with his exposed penis.

11. Student X thereafter immediately fled the location.

12. At the earliest opportunity, Plaintiff reported Student X's conduct to Defendant Thompson. Defendant Thompson took no action in response and left the area.

13. Plaintiff thereafter expressed concerns to her head teacher about Plaintiff's safety and the safety of students and teachers as a result of Student X's conduct. In addition to the safety and well-being of the students and teachers generally, Plaintiff advised her head teacher that Student X was currently in music class in an isolated classroom with a recently-hired female teacher who was young, attractive and of a smaller stature and that Plaintiff was concerned for the safety of that teacher.

14. Plaintiff's head teacher disregarded and dismissed Plaintiff's concerns.

15. Plaintiff thereafter spoke with Student X's caseworker and social worker, both of whom advised her to do whatever she needed to do address her safety concerns.

16. Plaintiff advised her head teacher that she wanted to contact the police and file a police report concerning Student X's conduct.

17. The head teacher advised Plaintiff that she had called the police and that Plaintiff could visit the police station at the end of the school day to discuss the incident with them.

18. Based on her concerns for her safety and the safety of the students and other instructors at the school, Plaintiff telephoned the police who advised that they would respond to the school immediately.

19. After learning that Plaintiff had reported Student X's conduct to the police,

Defendant Thompson stated to Plaintiff, "You called the police?" or words to that effect and generally expressed his disapproval of Plaintiff making a police report of a Student X's conduct. Defendant Tompson had never previously instructed Plaintiff not to contact the police.

20. Almost immediately thereafter, Defendant Thomson instructed Plaintiff that she must leave school grounds immediately and that and she would be contacted with further instructions regarding her employment.

21. Later that day, Plaintiff traveled to the police station to report the incident involving Student X. The police officer assigned to the matter advised Plaintiff that her call was the only one received by his agency from the school concerning the incident and that upon attempting to enter the school to respond to her call earlier that day, the responding officers were turned away by school staff and told that Plaintiff would report to the police station following the end of the school day.

22. On or about May 15, 2015, Student X was arrested because of the police report filed by Plaintiff and an Order of Protection was issued barring Student X from having any contact with Plaintiff.

23. On May 19, 2015, Plaintiff met with Defendant Thompson and his support staff, and a representative from Plaintiff's teacher's union. At this meeting, Defendant Thompson informed Plaintiff that she was terminated because of complaints by students and other teachers.

24. Defendant Thompson further stated that it is within his authority to terminate Plaintiff because she was not a permanent employee; accordingly, Defendant Thompson believed that Plaintiff has no right to a pre-termination hearing and could terminate her employment without fear of any repercussion.

25. Upon information and belief, Defendant School District actually terminated

Plaintiff for her purported violations of its policy prohibiting a teacher from calling the police to report a crime on school grounds without its approval. Such policy had not previously been published by the District and Plaintiff was unaware of it.

26. The alleged policy violated by Plaintiff pertains to when the police are summoned to a school and an employee's interaction with the Police was to occur after the school day.

27. Plaintiff alleges that her employment was terminated not only because she violated the District's unconstitutional policy concerning police contact and to retaliate against Plaintiff for having contacted the police to report a crime, but because Defendant Thompson did not want a crime reported, for fear of it reflecting poorly on his tenure as the Principal of Mary McLeod Bethune Junior and Senior High School and because he failed to act in response to Plaintiff's previous complaints about the hostile behavior of Student X.

AS AND FOR A FIRST CAUSE OF ACTION
Free-Speech and Unlawful Policy

28. Plaintiff restates the allegations previously set out as if set forth fully in this cause of action.

29. At all relevant times, Plaintiff and the District had an employee-employer relationship.

30. The District's policy, as alleged herein, constituted unlawful policy in violation of the Plaintiff's right to free-speech in addressing a public concern by terminating Plaintiff's employment.

31. The District's conduct, as alleged herein, was carried out without regard for Plaintiff's right to Free-Speech under the First Amendment made applicable here under Section 1983.

32. As a result of the District's unlawful policy, Plaintiff has suffered and continues

to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

## AS AND FOR A SECOND CAUSE OF ACTION
### The District Violated Due Process

33. Plaintiff restates the allegations previously set out as if set forth fully in this cause of action.

34. At all relevant times the District acted with the deliberate purpose of denying Plaintiff's right to due process and to deny her right to for redress her complaint and her right to continued employment as a public employee.

35. As a result of the District's unlawful conduct, Plaintiff has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

36. As a result of the District's unlawful conduct, Plaintiff is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from the district under Section 1983 and its supporting laws allowing for such relief.

## AS AND FOR A THIRD CAUSE OF ACTION
### Thompson: First Amendment: Free-Speech Violation

37. Plaintiff restates the allegations previously set out as if set forth fully in this cause of action.

38. At all relevant times Thompson acted under color of law as defined under the

6

Civil Rights Act, 42 U.S.C. §1983.

39. At all relevant times Thompson acted with the deliberate purpose of denying Plaintiff's right to Free-Speech under the First Amendment to the Constitution of the United States and to deny her right to for redress her complaint under clearly establish law.

40. As a result of Thompson's unlawful conduct, Plaintiff has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

41. As a result of Thompson's unlawful conduct, Plaintiff is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from Thompson under Section 1983 and its supporting laws allowing for such relief.

### AS AND FOR A FOURTH CAUSE OF ACTION
Thompson: First Amendment: Due Process Violation

42. Plaintiff restates the allegations previously set out as if set forth fully in this cause of action.

43. At all relevant times Thompson acted under color of law as defined under the Civil Rights Act, 42 U.S.C. §1983.

44. At all relevant times Thompson acted with the deliberate purpose of denying terminating Plaintiff's employment and denying her right to due process as a public employee.

45. As a result of Thompson's unlawful conduct, Plaintiff has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement

7

earnings and punitive damages.

    46.    As a result of Thompson's unlawful conduct, Plaintiff is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from Thompson under Section 1983 and its supporting laws allowing for such relief.

WHEREFORE, Plaintiff requests that the Court an order:

    i.    declaring the acts and/or practices of the District to be in violation of the above described laws for violating Plaintiff's right to Free-Speech and her rights under the State Human Rights Law outlawing workplace discrimination;

    ii.    awarding Plaintiff as against the District, prospective injunctive relief in restoring her employment, lost wages, including without limitation back pay, bonuses, benefits, pension and retirement earnings, interest, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses as a result of the District's unlawful acts;

    iii.    awarding Plaintiff as against the District, the cost of this action, together with attorneys' fees, in accordance with the above described laws against violations of Plaintiff's Constitutional rights and her rights for violations of the law against workplace discrimination;

    iv.    declaring the acts and practices of Thompson the Civil Rights Act, 42 U.S.C. §1983;

    v.    awarding Plaintiff as against Thompson, including without limitation back pay, bonuses, benefits, pension and retirement earnings, interest, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish,

emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses as a result of their unlawful acts of in violation of her right to Free-Speech and Due Process under the Civil Rights Act;

vi. awarding Plaintiff as against Thompson, prospective injunctive relief in the form of enforcing her right for the return of her employment;

vii. awarding Plaintiff as against award Plaintiff as against Thompson, cost of this action, together with reasonable attorneys' fees and punitive damages in accordance with the Civil Rights Act and other supporting laws.

Dated: Rhinebeck, New York
January 4, 2018

Russell G. Wheeler (RW8995)
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
Tel - 845-876-7500
Fax - 845-876-7501
rwheeler@charnywheeler.com

Attorneys for Plaintiff Judy Sugar