UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JUDY SUGAR,                                          :
                Plaintiff,               :
                                           :
v.                                                   :           **ORDER**
                                           :
GREENBURGH ELEVEN UNION FREE                         :           18 CV 67 (VB)
SCHOOL DISTRICT and ELTON                            :
THOMPSON, in his individual capacity,                :
                Defendants.              :
--------------------------------------------------------------x

      Plaintiff Judy Sugar brought this action against defendants Greenburgh Eleven Union Free School District and Elton Thomson, alleging violations of her First and Fourteenth Amendment rights in connection with her employment termination.

      Now pending is defendants' motion, filed under seal, to enforce a settlement agreement between the parties. (Doc. #79).

      For the following reasons, the motion is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      Plaintiff commenced this action on January 4, 2018. On March 25, 2019, the parties, accompanied by their respective counsel, attended a settlement conference with Magistrate Judge Judith C. McCarthy, at which the parties reached a full settlement of the case. Judge McCarthy stated on the record that the parties reached a settlement, and placed on the record, under seal, the settlement terms. Plaintiff's counsel confirmed that the recited terms were accurate. Thereafter, Judge McCarthy allocuted plaintiff as to plaintiff's understanding of the settlement. Plaintiff indicated her understanding of and agreement to the settlement terms.

      Several months later, by letter dated November 8, 2019, plaintiff's counsel advised the Court plaintiff "has instructed that she will not sign nor assent to the settlement agreement."

(Doc. #74).  By letter dated December 6, 2019, defense counsel requested to file under seal a motion to enforce the settlement.  (Docs. ##75, 77).  The Court granted the request (Doc. #78), and defendants filed the instant motion on December 11, 2019.  (Doc. #79).

On December 23, 2019, plaintiff's counsel moved to withdraw its representation in this matter.  (Doc. #82).  According to plaintiff's counsel, professional and ethical considerations required counsel to terminate its representation of plaintiff due to plaintiff's refusal to consummate the settlement agreement.  (Doc. #83 ¶¶ 4, 9).

By Order dated January 24, 2020, the Court granted plaintiff's counsel's motion to withdraw and sua sponte extended to March 31, 2020, plaintiff's time to obtain new counsel and to oppose defendants' motion to enforce the settlement agreement.  (Doc. #88 at 2).  The Court warned plaintiff that it might deem the instant motion unopposed and fully submitted if she failed to oppose the motion by March 31, 2020, even if she had not retained new counsel by that date.  (Id. at 2–3).

Plaintiff failed to oppose the instant motion by March 31, 2020.  Although plaintiff did not request an extension of time, by Order dated April 3, 2020, the Court sua sponte extended to April 17, 2020, plaintiff's time to obtain new counsel and to oppose the instant motion.  (Doc. #90).  The Court warned plaintiff, in bold and underlined font, that it would deem defendants' motion unopposed and fully submitted if she failed to oppose the motion by April 17, 2020, whether or not she retained new counsel.  (Id.).  To date, plaintiff has not opposed the motion.

## DISCUSSION

"A settlement agreement is a contract, no different in principle from any other.  It arises once the parties reach complete agreement with the intention to be bound." Lee v. Hosp. for

Special Surgery, 2009 WL 2447700, at *2 (S.D.N.Y. Aug. 11, 2009) (citing Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985)).[1]

The Second Circuit has adopted a four-factor test to determine whether a party intended to be bound by the terms of an oral or unsigned settlement agreement:  whether (1) "there has been an express reservation of the right not to be bound in the absence of a writing"; (2) "there has been partial performance of the contract"; (3) "all of the terms of the alleged contract have been agreed upon"; and (4) "the agreement at issue is the type of contract that is usually committed to writing."  Winston v. Mediafare Entm't Corp., 777 F.2d at 80.  No single factor is dispositive.  Hawkins ex rel. MedApproach, L.P. v. MedApproach Holdings, Inc., 2018 WL 1384502, at *1 (S.D.N.Y. Mar. 15, 2018).

"[D]istrict courts are empowered to enforce such settlement agreements summarily, although the Court naturally assumes that an evidentiary hearing would be necessary if there were a genuine issue as to a material fact."  Lee v. Hosp. for Special Surgery, 2009 WL 2447700, at *1.

> Where a party has entered into an oral agreement to settle, the party cannot avoid the settlement by refusing to sign the papers that would memorialize the terms of the agreement that were reported to the court.  "When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."  United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994).  Even if parties to an oral settlement agreement contemplate memorializing that agreement in a formal written document that is intended to be subsequently executed, they will still be bound by the oral agreement."  See V'Soske v. Barwick, 404 F.2d 495, 499 (2d Cir. 1968).

U.S. Fire Ins. Co. v. Pierson & Smith, Inc., 2007 WL 4403545, at *3 (S.D.N.Y. Dec. 17, 2007).

---

[1]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Accordingly, an oral settlement agreement to which a party intended to be bound "is binding and conclusive . . . even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing." Elliot v. City of New York, 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012).

Here, there exists no genuine issue of material fact.  The parties participated in a settlement conference before Judge McCarthy and assented to settlement terms memorialized on the record.  There is ample evidence in the record that the parties reached a meeting of the minds respecting the material terms of the settlement, and understood, and intended to be bound by, those terms.

Moreover, at no time during the settlement conference did any party express a reservation of the right not to be bound by the terms of the settlement absent a writing.  And as set forth in defendants' sealed submission, plaintiff and defendants have partially performed some of the terms of the settlement agreement.

Under Winston, the Court finds plaintiff is bound to the terms of the oral settlement agreement entered into on March 25, 2019, at the settlement conference conducted by Judge McCarthy.  Plaintiff cannot now renege on this agreement to renegotiate settlement terms or revive the claims she agreed to resolve.

## CONCLUSION

Having carefully reviewed the record, including those sealed portions of the March 25, 2019, settlement conference transcript, it is HEREBY ORDERED:

Defendants' motion to enforce the settlement agreement is GRANTED. (Doc. #79).

Chambers will mail a copy of this Memorandum Opinion and Order to plaintiff at the address on the docket.

Dated: April 28, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

5